UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
                           NEW ORLEANS

UNITED STATES OF AMERICA        :   CRIMINAL ACTION 07-384
                                :   SECTION "J"
VERSUS                          :
                                :   New Orleans, Louisiana
DERRICK D.T. SHEPHERD           :   October 10, 2008
                                :   9:30 a.m.
: : : : : : : : : : : : : : : :

                        **REARRAIGNMENT**
            **BEFORE THE HONORABLE CARL J. BARBIER**
                **UNITED STATES DISTRICT JUDGE**


**APPEARANCES:**

For the Government:    United States Attorney's Office
                       BY:  MICHAEL MAGNER, ESQUIRE
                            GREGORY M. KENNEDY, ESQUIRE
                            DANIEL P. FRIEL, ESQUIRE
                       Assistant U.S. Attorney
                       500 Poydras Street, Room B-210
                       New Orleans, Louisiana  70130


For the Defendant:     Glass & Reed
                       BY:  JOHN WILSON REED, ESQUIRE
                       530 Natchez Street
                       New Orleans, Louisiana  70130


Reported By:           Arlene Movahed, CCR
                       OFFICIAL COURT REPORTER
                       500 Poydras Street, Room 406
                       New Orleans, Louisiana  70130
                       (504)  589-7777


          Proceedings recorded by mechanical stenography;
transcript produced by dictation.

1

1          **P R O C E E D I N G S**

2                    **MORNING SESSION**

3                  **(October 10, 2008)**

4        (The following is a transcript of the Rearraignment taken

5    on October 10, 2008.)

6        (Open court.)

7            THE COURT:   Good morning, everyone.   Please be

8    seated.   Call this matter, please.

9            THE CLERK:   Criminal Action No. 07-384, United

10   States of America versus Derrick Shepherd.

11           MR. MAGNER:   Good morning, Your Honor.   Michael

12   Magner, Craig Kennedy and Daniel Friel for the United States.

13           MR. REED:   Your Honor, John Reed for the defendant,

14   Derrick Shepherd.   Mr. Shepherd is present in court.

15           THE COURT:   Good morning.

16           THE DEFENDANT:   Good morning, Your Honor.

17           THE COURT:   All right.   Mr. Shepherd, I am going to

18   need to have you sworn in at this time because I need to ask

19   you some questions.

20           THE DEFENDANT:   Yes, sir.

21       **DERRICK D.T. SHEPHERD, DEFENDANT, SWORN**

22           THE COURT:   All right.   Mr. Shepherd, you are the

23   same Derrick D.T. Shepherd who is named as the defendant in

24   the Indictment?

25           THE DEFENDANT:   Yes, I am, Your Honor.

26           THE COURT:   Let me ask you this first of all.   Have

1   you received a copy of the Superseding Indictment containing

2   the charges against you?

3              THE DEFENDANT:   Yes, I have, Your Honor.

4              THE COURT:   Have you read that Indictment?

5              THE DEFENDANT:   Yes, I have, Your Honor.

6              THE COURT:   Have you discussed the charges and any

7   possible defenses with your attorney?

8              THE DEFENDANT:   Yes, I have, Your Honor.

9              THE COURT:   It's my understanding that you're here

10  this morning because you wish to withdraw your not guilty plea

11  and enter instead a plea of guilty to Count 25 of the

12  Superseding Indictment.   Is that correct?

13             THE DEFENDANT:   Yes, sir, Your Honor.

14             THE COURT:   Before I decide whether to accept your

15  plea, Mr. Shepherd, I need to ask you a series of questions.

16  If you do not understand any of my questions, I want you to

17  please stop me and I will try to restate or explain the

18  question for you.   Okay?

19             THE DEFENDANT:   Yes, sir.

20             THE COURT:   Also, if you need a moment to talk to

21  your attorney about any particular questions, again just let

22  me know that and I will give you a chance to do that.

23             THE DEFENDANT:   Yes, sir.

24             THE COURT:   You, of course, have the right to be

25  represented by an attorney here today and that would be the

1    attorney of your own choice and retained by you or appointed

2    by the Court if you could not afford one.   Do you understand

3    that right?

4              THE DEFENDANT:    Yes, I do, Your Honor.

5              THE COURT:    Do you understand that you're now

6    answering my questions under oath in open court and it's

7    important that your answers be truthful because otherwise the

8    government could come back at a later date and file additional

9    charges against you for perjury or making false statements?

10             THE DEFENDANT:    Yes, sir.   Yes, Your Honor.

11             THE COURT:    How old are you, sir?

12             THE DEFENDANT:    I am 39, Your Honor.

13             THE COURT:    And how much education do you have?

14             THE DEFENDANT:    A law degree, Your Honor.

15             THE COURT:    So quite obviously you have no

16   difficulty reading, writing or understanding the English

17   language?

18             THE DEFENDANT:    That is correct, Judge.

19             THE COURT:    Have you had any narcotic drugs,

20   medicine, pills or alcoholic beverages to drink in the past 24

21   hours?

22             THE DEFENDANT:    No, I haven't, Your Honor.

23             THE COURT:    Are you under the care of a doctor or a

24   physician for any reason at the present time?

25             THE DEFENDANT:    No, Your Honor.

1          THE COURT:   Mr. Reed, do you have any reason to

2   doubt your client's competency to enter a plea here this

3   morning?

4          MR. REED:   No, Your Honor.

5          THE COURT:   Mr. Shepherd, have you had enough time

6   to fully discuss your case and the charges against you and any

7   possible defenses you may have with your attorneys?

8          THE DEFENDANT:   Yes, I have, Your Honor.

9          THE COURT:   Are you satisfied with the services of

10   your attorneys?

11          THE DEFENDANT:   Yes, I am.

12          THE COURT:   Does the defendant wish to have a

13   formal reading of the Indictment at this time?

14          THE DEFENDANT:   No, Your Honor.

15          THE COURT:   Thank you.   Mr. Shepherd, do you

16   understand that you do not have to plead guilty here this

17   morning?

18          THE DEFENDANT:   I do understand, Your Honor.

19          THE COURT:   In other words, if you wanted to you

20   could maintain your not guilty plea and your case would

21   proceed to trial as scheduled.

22          THE DEFENDANT:   Yes, sir, I understand.

23          THE COURT:   Do you also understand that if you do

24   plead guilty and if I accept that plea that means you will not

25   be entitled to a trial of any kind so the government would not

1  be required to prove that you are guilty?

2          THE DEFENDANT:   I understand, Your Honor.

3          THE COURT:   And by pleading guilty, then you're

4  waiving or giving up your right to a trial.  And by that I

5  mean a trial by a jury of 12 persons would be required to

6  unanimously agree before you could be found guilty.  Do you

7  understand that?

8          THE DEFENDANT:   Yes, sir, I understand.

9          THE COURT:   Let me explain some other important

10 constitutional rights that you have and that you would be

11 giving up if you plead guilty in this matter and if I accept

12 that plea so I can satisfy myself that you understand what

13 you're giving up by pleading guilty.

14          First, as I said and I will repeat, of course, not

15 only today but at trial and throughout these proceedings, you

16 have a right to be represented by an attorney either privately

17 retained and paid for by yourself or the Court would appoint

18 one if you could not afford an attorney.  Do you understand

19 that right?

20          THE DEFENDANT:   Yes, sir.

21          THE COURT:   You have a right to remain silent.  You

22 understand that?

23          THE DEFENDANT:   Yes, sir.

24          THE COURT:   At trial, the government would be

25 required to confront you with witnesses and evidence upon

1  which it relies to obtain a conviction.  And through your

2  attorneys, you would have the right to cross-examine or

3  question those witnesses and that evidence.  You understand

4  that?

5          THE DEFENDANT:   Yes, sir.

6          THE COURT:   Also at trial, you would be presumed

7  innocent until such time, if ever, the government was able to

8  overcome that presumption and prove your guilt beyond any

9  reasonable doubt.  You understand that?

10          THE DEFENDANT:   Yes, sir.

11          THE COURT:   At trial, you would be entitled to use

12  what is called compulsory process to call witnesses.  And that

13  simply means that without any cost to you you could have the

14  government or the Court, that is, to issue subpoenas requiring

15  other persons to come to court to testify in your behalf.  Do

16  you understand that?

17          THE DEFENDANT:   Yes, sir.

18          THE COURT:   Finally, you would have the right, of

19  course, to testify in your own behalf at trial, if you chose

20  to, but no one, not even the Court could force you to testify

21  and force you to incriminate yourself.  You understand that?

22          THE DEFENDANT:   Yes, sir.

23          THE COURT:   Mr. Shepherd, so if you plead guilty

24  here this morning and I accept that plea, do you understand

25  then that you're waiving your right to a trial, as I said, but

1   you're also waiving all these other rights that we just

2   discussed and in that event there will be no trial, instead

3   I'll simply enter a judgment of guilty based upon your plea

4   and sentence you at a later date.  Do you understand that,

5   sir?

6              THE DEFENDANT:   Yes, sir.

7              THE COURT:   Mr. Shepherd, you're still willing to

8   waive and give up your right to a trial by a jury or Judge?

9              THE DEFENDANT:   Yes, I do, Your Honor.

10             THE COURT:   All right.  You told me that you have

11  read the Indictment, you have discussed it with your

12  attorneys.  You waived the formal reading so I am not going to

13  read the entire Indictment.  I do need to briefly summarize,

14  Mr. Shepherd, Count 25, the count to which you say you wish to

15  plead guilty.

16             Count 25 charges that beginning at a time unknown,

17  but sometime in 2004 and 2006, and continuing through the date

18  of the Superseding Indictment, in this District, you, as well

19  as other defendants in this case, did, with the intent to

20  promote the carrying on of the mail fraud and wire fraud in

21  furtherance of the scheme combined, conspired, and agreed with

22  each other to knowingly and willfully conduct and attempt to

23  conduct a financial transaction affecting interstate and

24  foreign commerce which involved the proceeds of the unlawful

25  mail fraud and wire fraud activity with the intent to promote

1  the carrying on of specified unlawful activity.  And that

2  while conducting and attempting to conduct such financial

3  transaction, you knew that the property involved in the

4  financial transaction, that is the funds, represented the

5  proceeds of some form of unlawful activity, all in violation

6  of Federal Law.  This is the so-called money laundering

7  conspiracy count.

8            You understand what it is you're charged with in

9  Count 25?

10            THE DEFENDANT:   Yes, sir, I understand.

11            MR. REED:   One moment.

12            THE DEFENDANT:   I understand.

13            THE COURT:   Sir, did you in fact do or commit the

14  acts charged in Count 25?

15            THE DEFENDANT:   Yes, Your Honor.

16            THE COURT:   If you're convicted on this count, and

17  this would be true, Mr. Shepherd, whether the conviction

18  results from a guilty plea or following a trial, I need to

19  advise you as to what the maximum possible penalties are for

20  this offense.

21            For Count 25, the maximum penalties are a maximum of

22  20 years in prison, a fine of $250,000, or the greater of

23  twice the gross gain to you or twice the gross loss to any

24  other person, plus up to three years of what we call

25  supervised release, and a $100 special assessment fee.

1          Do you understand the maximum possible penalties for

2    this offense?

3          THE DEFENDANT:   Yes, sir.

4          THE COURT:   I mentioned the term of supervised

5    release that would follow any time you would have to spend in

6    prison.  When you are released, you would be on what is called

7    supervised release which could be up to three years.  What is

8    important that you understand about that is that there would

9    be conditions imposed upon you.  If you were to violate any of

10   those conditions, the government might bring you back here and

11   ask me to vacate or set aside your release and return you to

12   prison for that term.

13         Do you understand that, sir?

14         THE DEFENDANT:   Yes, sir.

15         THE COURT:   Mr. Shepherd, have you discussed with

16   your attorneys the Federal Sentencing Guidelines and how those

17   might apply to your particular case?

18         THE DEFENDANT:   Yes, I have.

19         THE COURT:   You understand that whatever your

20   attorneys have told you about the Federal Guidelines,

21   Sentencing Guidelines at this point is based on their best

22   professional judgment or best estimate and that ultimately it

23   will be my job to determine what the proper or correct

24   guidelines are for your case?

25         THE DEFENDANT:   Yes, sir.

1             THE COURT:   Do you also understand that the

2    guidelines are not binding and not mandatory?   I am required

3    to calculate them and take them into account.   After doing

4    that for certain reasons I could decide to sentence you above

5    the guidelines or below the guidelines.   Do you understand

6    that?

7             THE DEFENDANT:   Yes, sir.

8             THE COURT:   All right, Mr. Shepherd.   How do you

9    plead to Count 25 of this Superseding Indictment?

10            THE DEFENDANT:   Guilty, Your Honor.

11            THE COURT:   Are you pleading guilty because you

12   are, in fact, guilty of the crime charged?

13            THE DEFENDANT:   I am, in fact, guilty, Your Honor.

14            THE COURT:   Is there a Plea Agreement in this case?

15            MR. MAGNER:   There is, Your Honor.   It's

16   memorialized in a letter to Your Honor dated October 9th.   You

17   would like me to tender it or to summarize the gist of it?

18            THE COURT:   Why don't you just summarize it.

19            MR. MAGNER:   Yes, sir.   The essence of the Plea

20   Agreement, Your Honor   --

21            THE COURT:   Is it identical to the draft furnished

22   to me?

23            MR. MAGNER:   It is.   It's signed by all parties and

24   all the attorneys as well.

25            The gist of the Plea Agreement, Your Honor, is that

1  if the defendant pleads guilty to Count 25 of the Superseding

2  Indictment, the money laundering charge, we will move at the

3  time of sentencing to dismiss the remaining charges against

4  Mr. Shepherd.

5          He agrees to cooperate and we agree that any

6  truthful cooperation he provides will not be used against him

7  and will not bring any additional charges against him which

8  relate to the defendant's participation in the activities set

9  forth in the Superseding Indictment, or which are disclosed to

10 the government in connection with the defendant's truthful

11 cooperation.

12         The defendant acknowledges that the Court is not

13 bound by the terms of the Plea Agreement.

14         The defendant agrees that he will cooperate fully

15 and in good faith with all agencies of the United States.  And

16 if he fails to do that, the government can prosecute him for

17 all of the counts contained in the Superseding Indictment.

18         He understands that the maximum penalties for this

19 charge are 20 years in prison, a fine of up to $250,000 or an

20 alternative fine of twice the gain to him or twice the loss to

21 any victim.

22         He agrees that any restitution would be non-

23 dischargeable in bankruptcy.

24         He understands that there will be a special

25 assessment imposed of $100.

1          He understands that he may be placed on a period, or

2    will likely be placed on a period of supervised release of up

3    to three years upon his completing any sentence of

4    incarceration at which time his actions and activities will be

5    monitored by the Court and its representatives.

6          The defendant is giving up his rights to appeal,

7    including, but not limited to appeal rights  --  that is, he

8    is giving up his rights to appeal his conviction and/or his

9    sentence, including, but not limited to any appeal rights

10   conferred by 28 U.S.C. 1291 and by 18 U.S.C., Section 3742.

11         He is further waiving his right to contest his

12   conviction and/or his sentence in any collateral proceeding,

13   including proceedings brought under Title 28, U.S. Code,

14   Section 2241 and 28 U.S.C., Section 2255 on any ground except

15   that he may bring a post-conviction claim if he establishes

16   ineffective assistance of counsel directly affecting the

17   validity of his waiver of appeal and collateral challenges,

18   his collateral challenge rights of the validity of the guilty

19   plea itself.

20         He also reserves the right to bring an appeal of any

21   sentence imposed in excess of the statutory maximum of 20

22   years.

23         He is giving up any claims he may have under the

24   Hyde Amendment.

25         He understands that the sentencing guidelines are

1    merely advisory to the Court and that the Court can sentence

2    him below or above his calculated guideline range.

3           The defendant has agreed to cooperate with the

4    United States and be fully truthful, not to implicate anybody

5    falsely or exculpate anybody falsely.

6           If he is truthful, what he says will not be used

7    against him in any other proceedings or at sentencing.  But if

8    he lies, he can be prosecuted not only for the additional

9    criminal activity but for perjury or making false statements.

10          The government, in return, agrees that the full

11   extent of the defendant's cooperation will be made known to

12   the Court prior to sentencing.  If, in the sole estimation of

13   the United States Attorney, that that cooperation rises to the

14   level of substantial cooperation within the meaning of the

15   sentencing guidelines, the U.S. Attorney may at his option

16   file a Motion for a Downward Departure either under Section

17   5K1.1 or after sentencing under Rule 35 of the Federal Rules

18   of Criminal Procedure.

19          As I said earlier, what the defendant truthfully

20   states in his cooperation will not be used against him.

21          Finally, the defendant agrees to forfeit and give to

22   the United States, prior to sentencing, any right, title,

23   interest which he may have in assets derived from his criminal

24   conduct stemming out of this case.

25          The defendant acknowledges that the Plea Agreement

1  in the October 9, 2009, letter to Your Honor is the sole

2  agreement that he has with the United States.  There are no

3  side agreements or anything of that nature.

4          Mr. Shepherd, is that your signature?

5          THE DEFENDANT:   Yes.

6          MR. MAGNER:   And, Mr. Reed, is that your signature?

7          MR. REED:   It is.

8          MR. MAGNER:   I tender the original at this time,

9  Your Honor.

10          THE COURT:   Thank you.  Mr. Shepherd, did you read

11  this six page Plea Agreement Letter?

12          THE DEFENDANT:   Yes, I did, Your Honor.

13          THE COURT:   Did you also discuss it with Mr. Reed

14  before you signed it?

15          THE DEFENDANT:   Yes, Your Honor.

16          THE COURT:   And as the government's attorney has

17  indicated, do you acknowledge and understand and agree that

18  this is the entirety of any agreement that exists between you,

19  your attorneys and the government?

20          THE DEFENDANT:   Yes, Your Honor.

21          THE COURT:   In other words, there is nothing you

22  have been told or promised or believe you have been told or

23  promised verbally that's not set forth in this agreement, is

24  that correct?

25          THE DEFENDANT:   That's correct, Your Honor.

1          THE COURT:   Do you have any questions at all about

2  any of the provisions in here?

3          THE DEFENDANT:   No, Your Honor.

4          THE COURT:   Mr. Shepherd, again, other than what is

5  set forth in that Plea Agreement Letter, has anyone promised

6  you anything that made you decide to come here this morning

7  and withdraw your not guilty plea and enter a plea of guilty?

8          THE DEFENDANT:   No, Your Honor.

9          THE COURT:   Has anyone threatened you or forced you

10  in any way to come here this morning to plead guilty?

11          THE DEFENDANT:   No, Your Honor.

12          THE COURT:   Has anyone connected with the

13  government, anyone connected with law enforcement, or anyone

14  else, including your own attorneys, at any time promised you

15  what your sentence will be in this case?

16          THE DEFENDANT:   No, Your Honor.

17          THE COURT:   Is there a Factual Basis for this plea?

18          MR. MAGNER:   There is, Your Honor.  We previously

19  provided a draft of it to the Court.  It's a six page Factual

20  Basis.  I have signed it, the other prosecutors have signed

21  it.

22          Mr. Shepherd, is that your signature?

23          THE DEFENDANT:   That is.

24          MR. MAGNER:   Mr. Reed, is that your signature?

25          MR. REED:   It is.

1          MR. MAGNER:   Is this true and accurate to the best

2   of your knowledge and belief, Mr. Shepherd?

3          THE DEFENDANT:   Yes, it is.

4          MR. MAGNER:   We would tender the original at this

5   time.

6          THE COURT:   All right.   Mr. Shepherd, did you read

7   this Factual Basis statement?

8          THE DEFENDANT:   Yes, I have, Your Honor.

9          THE COURT:   Did you also discuss it with your

10  attorneys?

11         THE DEFENDANT:   Yes, Your Honor.

12         THE COURT:   And then you signed it?

13         THE DEFENDANT:   Yes, Your Honor.

14         THE COURT:   Do you understand that this is a

15  summary of what the government's evidence against you would be

16  in this case if the case went to trial?

17         THE DEFENDANT:   Yes, Your Honor.

18         THE COURT:   Do you admit and acknowledge that what

19  is set forth in here is what you did in this case?

20         THE DEFENDANT:   Yes, Your Honor.

21         THE COURT:   All right.   Mr. Shepherd, because I

22  find that your plea is knowledgeable, voluntary, and has a

23  basis in fact containing all of the elements of the crime

24  charged in Count 25 of this Superseding Indictment, I hereby

25  accept your guilty plea to that count and the accompanying

1 Plea Agreement and enter a judgment of guilty based upon your

2 plea.

3           I am going to schedule your sentencing for January

4 21, 2009, at 1:30 p.m.

5           Meanwhile, I will order what is called a Pre-

6 Sentence Investigation.  That means someone from our Federal

7 Probation Office will seek permission through your attorneys

8 to meet with you and they will take whatever information they

9 may obtain from you and from other sources.  They will put

10 that all in a form of what is called a written Pre-Sentence

11 Report to the Court.  Your attorneys will receive a copy of

12 that report prior to the date of your sentencing.  You, of

13 course, will have a chance to meet with them, read it for

14 yourself, discuss it with your attorneys and through your

15 attorneys you will have the right and opportunity to file any

16 objections or any comments, any kind of response that you or

17 your attorneys care to make to that report  --

18           THE DEFENDANT:  Yes, sir.

19           THE COURT:   --  before the date of sentencing.

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  I am going to ask Mr. Reed that that

22 initial pre-sentence interview occur not later than two weeks

23 from today.

24           All right.  The defendant is on bond.  The

25 government have any objection to continuing him on the same

1   bond pending sentencing?

2           MR. MAGNER:   No, sir.

3           THE COURT:   Mr. Shepherd, I am going to release you

4   on your same bond with the same conditions pending your

5   sentencing date.

6           THE DEFENDANT:   Yes, sir.

7           MR. REED:   Your Honor, I think Mr. Shepherd asks,

8   as do I, for a couple of words to address to the Court.

9           THE COURT:   Sure.  Mr. Shepherd?

10          THE DEFENDANT:   Thank you.  Let me apologize to

11  this Court.  I plead guilty, Your Honor, because I did wrong

12  and I acknowledge that and I accept responsibility for my

13  actions.  I apologize to you.  I apologize to the government,

14  to the Bar of the State of Louisiana as well as to my

15  constituents.  I also apologize, Your Honor, to my father

16  whose name I sullied.  And I apologize to my ancestors.  And I

17  hope I have an opportunity to make it right one day.

18          THE COURT:   Thank you.  Mr. Reed?

19          MR. REED:   Your Honor, I would only add that the

20  decision of why we're here essentially a day before trial is a

21  decision of any defendant in any case is a very very difficult

22  one to reach and Mr. Shepherd reached it after due

23  deliberation and the acceptance for himself of his

24  responsibility for his involvement in the checks and the money

25  laundering and for his involvement in falsely reciting efforts

1  made in the way of legal work to earn those monies.  The

2  situation arose out of a particular factual situation which

3  will be explained in the Pre-Sentence Report that led to

4  temptation and yielding to temptation and greed.

5          He stands before the Court now and will stand again

6  stripped of his license, his military career, his political

7  career.  For the record, a resignation has been faxed to the

8  Senate this morning resigning his position.  And so he stands

9  before you taking the first of several steps down a new road.

10 The first of those steps is admission of guilt to the Court,

11 to the government, his apologies to the people, the

12 resignation he has made, and his intention to fully fulfill

13 the terms of his agreement with the government.  Thank you,

14 Your Honor.

15          THE COURT:   Thank you.  Anything else, counsel?

16          MR. MAGNER:   No, sir.  There is another matter but

17 I will take it up with Mr. Dolan separately.

18          THE COURT:   I would like to have counsel stick

19 around.  I have got a couple of questions.

20          MR. MAGNER:   We would like to talk to you about the

21 co-defendant and I believe Mr. Walker was coming to the court.

22          THE COURT:   Is Mr. Walker here?

23          MR. MAGNER:   I don't think he is here yet.

24          THE COURT:   Is he planning to be here?

25          UNKNOWN SPEAKER:   He is on his way.

1          THE COURT:   He's on his way.  When he gets here, we

2    can have a conference and talk about that.

3          MR. MAGNER:   Okay.

4          THE COURT:   Anything else?

5          MR. MAGNER:   No, sir.

6          MR. REED:   No, sir.

7          THE COURT:   Thank you, counsel.

8          MR. REED:   Thank you.

9       (End of proceedings.)

10

**REPORTER'S CERTIFICATE**


        I, Arlene Movahed, Official Court Reporter, for the

United States District Court for the Eastern District of

Louisiana, appointed pursuant to the provisions of Title 28,

United States Code, Section 753, do hereby certify that the

foregoing is a full, true and correct transcript of

proceedings had in the within-entitled and numbered cause on

the date herein before set forth and I do further certify that

the foregoing transcript has been prepared by me or under my

direction.

                         s/   Arlene Movahed
                         ARLENE MOVAHED, CCR
                         Official Court Reporter
                         United States District Court
                         Eastern District of Louisiana