UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO: 07-384

GWENDOLYN JOSEPH MOYO                       SECTION: J(2)


**ORDER AND REASONS**

This matter is before the Court on *pro se* Defendant Gwendolyn Moyo's **Motion to Vacate Sentence (Rec. Doc. 540)**. The Government has filed an opposition to the motion **(Rec. Doc. 555)**, to which the Defendant has replied **(Rec. Doc. 565)**. Having considered the motion, the parties' arguments, the record, and the applicable law, the Court finds that the Defendant's motion should be **DENIED**.

**FACTS AND PROCEDURAL HISTORY**

On October 25, 2007, Defendant Gwendolyn Joseph Moyo ("Moyo") was indicted in the Eastern District of Louisiana on fifteen counts of engaging in the business of insurance affecting interstate commerce after having previously been convicted of a felony involving dishonesty or breach of trust, in violation of 18 U.S.C. § 1033(e).[1]

---

[1] Rec. Doc. 11.

1

Moyo entered a not-guilty plea at her arraignment on November 2, 2007, before United States Magistrate Judge Louis Moore, Jr.[2]  Subsequently, Moyo's attorney at arraignment, Pat Fanning, withdrew from the case, with the Court's permission.[3]  Another attorney, Arthur Harris, then enrolled but withdrew quickly thereafter due to his client's failure to meet her financial obligations.[4]  Moyo then elected to waive her right to counsel and insisted upon representing herself in the proceedings.[5]

After orally moving for a competency hearing, the Government filed a written motion for a pretrial psychiatric and psychological examination based upon certain statements Moyo had made to the Court, including declarations that she was an enemy combatant, statements that she was being tortured in jail, and her repeated insistence that she represent herself in the criminal proceedings.[6]  Magistrate Judge Moore ordered Moyo to be evaluated to determine her competency to stand trial, her capability to represent herself in the proceedings, and whether she suffered from a mental disease or defect bearing upon the

---

[2]  Rec. Doc. 14.

[3]  Rec. Doc. 20.

[4]  See Rec. Docs. 34; 36.

[5]  See Rec. Doc. 190, pp. 22, 41.

[6]  Rec. Doc. 38.

issue of guilt.[7] Moyo was found to be competent, able to make a knowing and voluntary election to represent herself, and without any mental disease or defect or any other mental condition bearing upon the issue of guilt.[8]

On April 10, 2008, the grand jury returned a superseding indictment charging Moyo with additional criminal violations and adding defendants Derrick D.T. Shepherd, James Zoucha, AA Communications, Inc., and Capital Management and Asset Group.[9] Moyo was charged in all 41 counts of the superseding indictment. Moyo and certain of her co-defendants were specifically indicted for: the original fifteen counts of violating 18 U.S.C. § 1033(e); one count of conspiring with Shepherd, Zoucha, AA Communications, and Capital Management and Asset Group to commit mail fraud, in violation of 18 U.S.C. § 371; five substantive counts of mail fraud, in violation of 18 U.S.C. §§ 1341 and 1342; nine counts of wire fraud, in violation of 18 U.S.C. § 1956(h); and sixteen counts of substantive money laundering, in violation of 18 U.S.C. §§ 1957.[10] Moyo pled not guilty on April 23, 2008.[11]

On May 16, 2008, this Court held a pretrial conference,

---

[7] Rec. Doc. 46.

[8] Rec. Doc. 51.

[9] See Rec. Doc. 55.

[10] Rec. Doc. 55.

[11] Rec. Doc. 76.

during which it found that Moyo's waiver of counsel was knowing and voluntary.[12] After advising Moyo that she had a right to appointed counsel if she was unable to afford counsel, this Court appointed Wayne Walker, through the Federal Public Defender's Office, as "stand-by counsel" for Moyo.[13] However, in light of the United States Supreme Court ruling in Indiana v. Edwards, 554 U.S. 164 (2008), which established a threshold of mental competency for self-representation, this Court ordered a second mental evaluation.[14]

On October 14, 2008, the trial of this matter commenced as to Moyo, AA Communications, and Capital Management and Asset Group. Moyo represented herself with the assistance of stand-by counsel Wayne Walker. The Government rested its case on Friday, October 17, 2008, and Moyo rested without calling any witnesses on Monday, October 20, 2008. The jury found Moyo, AA Communications, and Capital Management and Asset Group guilty on all counts and returned a forfeiture verdict.[15] The Court sentenced Moyo to twenty years imprisonment and ordered her to pay $2,463,807 in restitution.[16]

---

[12] See Rec. Doc. 109.

[13] Rec. Doc. 109.

[14] Rec. Doc. 153.

[15] Rec. Doc. 287.

[16] Rec. Doc. 362.

4

On April 23, 2009, after Moyo filed a notice of appeal, the Court appointed counsel to represent her.[17] On appeal, Moyo argued that the Court had erred by permitting the introduction of hearsay testimony linking her to Congressman William Jefferson. The Fifth Circuit affirmed her conviction on April 14, 2010, finding that even if the admission of the challenged statement was erroneous, it was harmless. See United States v. Moyo, 371 F. App'x 463 (5th Cir. 2010). Moyo then filed the instant motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on June 24, 2011.[18]

**DISCUSSION**

**A. Is Moyo's Motion Timely?**

Section 2255 allows a prisoner in federal custody to file a motion to vacate, set aside, or correct his sentence if it was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose it, if it was in excess of the maximum authorized by law, or if it is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a).

As a preliminary matter, the Government contends that Moyo's motion should be dismissed as untimely. A motion by a federal prisoner for post-conviction relief under 28

---

[17] Rec. Docs. 364; 367.

[18] Rec. Doc. 540.

5

U.S.C. § 2255 is subject to a one-year time limitation period that generally runs from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  If a federal defendant appeals his conviction to the Court of Appeals but does not seek a writ of certiorari from the United States Supreme Court, the judgment of conviction becomes final upon expiration of the 90-day period for filing a petition for certiorari contesting the appellate court's affirmation of the conviction.  Clay v. United States, 537 U.S. 522, 524-25 (2003); United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).

Here, Moyo was convicted by the jury on October 21, 2008 and was sentenced by the Court on April 15, 2009.[19]  Judgment was entered on April 24, 2009.[20]  Moyo subsequently filed a timely notice of appeal, and on April 14, 2010, the Fifth Circuit affirmed her conviction, issued its mandate, and entered judgment.[21]  Moyo then had 90 days within which to file a petition for writ of certiorari to the United States Supreme Court.  Because Moyo failed to seek Supreme Court review of her conviction within this 90-day period,

---

[19]  Rec. Docs. 287; 366.

[20]  Rec. Doc. 366.

[21]  Rec. Doc. 464.

6

her conviction became final on July 13, 2010.  Moyo filed the instant motion on June 24, 2011, within one year of the date on which her conviction became final, and accordingly, her request for relief is timely.

   **B.  Moyo's Claims for Relief**

Having determined that Moyo's motion is not barred on timeliness grounds, the Court now turns to the merits of her allegations.  Moyo sets forth five independent grounds for relief from her conviction.  In particular, she asserts that:  (1) she was deprived of her Sixth Amendment right to counsel; (2) the Government substantially interfered with witnesses and deprived her of her right to present witnesses in her defense; (3) she was denied effective assistance of counsel at trial; (4) misconduct on the part of Government prosecutors violated her Sixth and Seventh Amendment rights; and (5) the "accumulation" of the aforementioned errors violated her right to due process of law.  The Court will address each in turn.

   **1.  Deprivation of the Right to Counsel**

In support of her first claim for relief, Moyo alleges that she was unable to obtain local representation due to "government interference."  She claims that the Government wanted her to be represented by a federal public defender so that she would plead guilty to the charges against her.  She further claims that the Court would not provide her counsel, even though "at all times

7

[she] made it clear that she did not and could not represent herself at trial,"[22] and that the Court failed to ask her at critical stages if she wished to retain an attorney or proceed *pro se*.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The Supreme Court has recognized that the Sixth Amendment also guarantees a criminal defendant the right to represent himself at trial. See Faretta v. California, 422 U.S. 806 (1975). This right is codified by federal law. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). In order to go the path of self-representation, however, a criminal defendant must have knowingly and intelligently waived the right to the assistance of counsel. Faretta, 422 U.S. at 835 (citing Johnson v. Zerbst, 304 U.S. 458, 464-465 (1938)).

Here, the record clearly shows that Moyo's claims alleging the violation of her Sixth Amendment rights are baseless. Despite her present contentions to the contrary, Moyo repeatedly insisted on representing herself and refused to accept

---

[22] Rec. Doc. 540, p. 9.

suggestions by the Court and others that she allow an attorney to be appointed to represent her.[23] After twice ordering her to undergo psychological examination,[24] and after explaining her Sixth Amendment rights to her, this Court found that Moyo's decision to represent herself and to forgo the right to counsel was knowing and voluntary.[25] The Court specifically advised her that she had a constitutional right to be represented by an attorney, that the Court would appoint a qualified attorney for her, and that the charges she was facing were both serious and complex, carrying extensive prison sentences and penalties.[26] The Court further indicated that it would not be able to give her special consideration, and although standby counsel would be appointed as a contingency, she would not be able to consult standby counsel for legal advice.[27] Because Moyo indicated that she understood all of these warnings and stated on the record

---

[23] See, e.g., Rec. Doc. 190, pp. 21-22 ("The Court: Again, I don't know how many times I can repeat it, but I think you're making a very unwise and poor decision for yourself. You're the one that is going to live with the consequences of this, so it's in your best interest, again, that you have a lawyer, and I'm willing and ready to appoint one for you. Judge Moore appointed one and you refused to let him represent you, which is what you're telling me . . . .").

[24] Rec. Docs. No. 42; 153.

[25] Rec. Doc. 190, p. 22.

[26] Rec. Doc. 190, pp. 8-22.

[27] Rec. Doc. 190, pp. 18-22.

9

that she knew she would "be on [her] own basically" on account of her choice, the Court "very reluctantly" permitted her to represent herself.[28] Because the record conclusively shows that Moyo knowingly and voluntarily waived her right to counsel and elected self-representation over these warnings, the Court finds that no Sixth Amendment violation occurred.

Moyo also claims that Government prosecutors denied her the right to counsel when they notified her first attorney, as well as other potential attorneys whom she had contacted, that they may be subject to indictment if they represented her, and as a result, she could not obtain adequate local representation. The record shows that Moyo's first attorney, Pat Fanning, filed a motion to withdraw after the Government notified him that "any legal fees received from Ms. Moyo may be seized as proceeds of illegal activities or may be subject to a judicial mortgage which exists as a result of a prior indebtedness to the government arising from unpaid restitution in a previous case," and "accepting payment for legal fees from Ms. Moyo may constitute money laundering."[29]

"A defendant has no Sixth Amendment right to spend another person's money for services rendered by an attorney." Caplin & Drysdale, Chartered, 491 U.S. 617, 626 (1989).

---

[28] Rec. Doc. 190, pp. 16, 22.

[29] Rec. Doc. 17, p. 1.

As the Supreme Court has explained, "if the Government may, post-trial, forbid the use of forfeited assets to pay an attorney, then surely no constitutional violation occurs when, after probable cause is adequately established, the Government obtains an order barring a defendant from frustrating that end by dissipating his assets prior to trial." Id. at 616. In the instant case, in addition to the superseding indictment, the grand jury also returned a notice of money laundering, mail fraud, and wire fraud forfeitures, indicating that Moyo's assets were subject to forfeiture.[30] As such, the Court finds that the Government's actions were both factually and legally justified by goals unrelated to any desire to interfere with Moyo's right to obtain adequate legal representation. Accordingly, on this record, the Court finds no merit to Moyo's claim that she was deprived of her Sixth Amendment right to counsel based on the statements cited above.

**2. Government Interference with Defense Witnesses**

Moyo's second claim alleges that the Government interfered with, intimidated, and misled certain unspecified witnesses who she contends could have testified on her behalf regarding advice she received from the Louisiana Department of Insurance that an insurance license was unnecessary for her business activities. She also alleges that the Government threatened her two unnamed

---

[30] See Rec. Doc. 55, pp. 36-38.

former assistants with prosecution, leading them to offer false testimony, which was then "covered up" and concealed from the jury, and that the Government harassed her for the names of her witnesses before trial.

Although "[s]ubstantial Government interference" with a defense witness's choice to testify violates due process, see United States v. Henricksen, 564 F.2d 197, 198 (5th Cir. 1977), here, the Court's familiarity with and review of the record of this matter gives no indication that such interference ever transpired.  Accordingly, the Court denies Moyo's motion with respect to her second claim.

### 3. Denial of Effective Assistance of Counsel at Trial

In her third claim, Moyo asserts that she was denied effective assistance of counsel from both her appointed standby attorney, Wayne Walker, and her appointed appellate counsel, John Craft.  With respect to the former, as explained above, the record in this case shows that Moyo knowingly and voluntarily waived her right to counsel and elected to represent herself. Although Moyo was constitutionally guaranteed the right to represent herself, or to receive effective representation from an appointed attorney, the Sixth Amendment does not guarantee the availability of standby counsel to provide some "combination of the two."  See United States v. Mikolajczyk, 137 F.3d 237, 246 (5th Cir. 1998); see also United States v. Morrison, 153 F.3d 34,

12

55 (2d Cir. 1998) ("[W]ithout a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel."). Because Moyo had no constitutional right to effective assistance of standby counsel, Moyo's third claim for relief is therefore without merit as it pertains to her standby counsel.

Next, as to her appellate counsel, Moyo asserts that she received ineffective assistance of appellate counsel based on Mr. Craft's failure to challenge certain rulings made at trial. While Moyo's argument is somewhat difficult to follow, her motion asserts that her appellate counsel failed to "properly" challenge as hearsay an FBI agent's trial testimony tying her to then Congressman William Jefferson. She asserts that the FBI agent's testimony was a calculated "back door style" of introducing statements from several key witnesses while avoiding calling them at trial.[31] Moyo further claims that this constitutes misconduct on the part of the Government prosecutors. First, to the extent Moyo seeks to mount a second challenge to the admissibility of these statements, her claim may not be considered. The record clearly shows that this issue was thoroughly briefed, argued, and rejected by the Fifth Circuit on direct appeal, and as such, it is not subject to challenge through a motion to vacate pursuant to Section 2255. See United States v. Webster, 392 F.3d 787, 791

---

[31] See Rec. Doc. 540, p. 17.

13

n.5 (5th Cir. 2004).  Furthermore, to the extent Moyo claims
ineffective assistance of counsel based on her appellate
counsel's failure to "properly" challenge these statements, or to
argue that the offering of these statements amounts to
prosecutorial misconduct, the Court finds these contentions
meritless.  The Court finds that Moyo's appellate counsel
properly and thoroughly challenged the admissibility of these
statements under the Federal Rules of Evidence and the
Confrontation Clause,[32] and there is simply no indication that
the introduction of these statements amounted to a deliberate
prosecutorial effort to conceal witnesses from testifying at
trial, as Moyo suggests.  Accordingly, Moyo's motion will be
denied insofar as it pertains to her third claim for relief.

**4. Prosecutorial Misconduct and "Accumulation of Errors"**

Finally, Moyo alleges that the Government used the
proceedings against her as "character assassination forums,"
spreading false information about her, disallowing her adequate
time to prepare to defend herself, and denying her the right to a
fair trial.  She further claims that the "accumulation" of the

---

[32] As such, the Court finds that Moyo has not shown that her appellate counsel's actions were unsupported by a reasonable strategy, or that any error was prejudicial.  See Massaro v. United States, 538 U.S. 500, 501 (2003) ("A defendant claiming ineffective counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial.") (citing Strickland v. Washington, 466 U.S. 668 (1984)).

14

"errors" described above deprived her of due process. A claim for habeas relief based on prosecutorial misconduct requires a showing of improper conduct on the part of the prosecutor that "'had substantial and injurious effect or influence in determining the jury's verdict.'" Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). In the instant case, there is no indication whatsoever to support any of the conclusory allegations of Government misconduct recited in Moyo's motion. Furthermore, the Court specifically warned Moyo of the complexity of the charges against her in advising her to allow an attorney to be appointed to represent her.[33] Finally, because the Court finds that each of the other allegations raised in her motion are meritless, Moyo fails to show that she was deprived of due process based on the "accumulation" of these alleged errors.[34]

---

[33] See Rec. Doc. 190, pp. 8-22.

[34] Moyo also requests a hearing to further develop the record to support her claims. Because the Court finds that each of Moyo's claims are either contradicted by the record or otherwise amount to mere conclusory allegations of Government misconduct, the Court denies this request. See United States v. Burroughs, 650 F.2d 595, 599 (5th Cir. 1981) (explaining that no evidentiary hearing is necessary where petitioner's allegations are affirmatively contradicted by the record); United States v. Auten, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing in the habeas context); United States v. Guerra, 588 F.2d 519, 521 (5th Cir. 1979) (no hearing required for "patently frivolous claims or those which are based upon unsupported generalizations"); see also United States v. Boggs, 612 F.2d 991, 993 (5th Cir. 1980) (finding no error in refusal to

15

**CONCLUSION**

Accordingly, for the reasons stated above, **IT IS ORDERED** that Moyo's Motion to Vacate Sentence **(Rec. Doc. 540)** is hereby **DENIED.**

New Orleans, Louisiana this 13th day of June, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

conduct evidentiary hearing on motion to vacate sentence where district judge dismissing motion to vacate was the same judge before whom defendant had appeared and was therefore familiar with his case).